[S. F. No. 310.    Department One.—December 31, 1896.]

S. G. WRIGHT, APPELLANT, v. DEL NORTE COUNTY, RESPONDENT.

ACTION AGAINST COUNTY—SERVICE UPON BOARD OF EDUCATION—EQUITY— JURISDICTION OF SUPERIOR COURT—DEMURRER TO COMPLAINT. — An action against a county for a sum less than three hundred dollars, claimed as compensation for services rendered by the plaintiff as a member of the county board of education, is not in the nature of a suit in equity, and is not within the jurisdiction of the superior court; and a demurrer to the complaint in such action, for want of jurisdiction, is properly sustained.

APPEAL from a judgment of the Superior Court of Del Norte County. JAMES E. MURPHY, Judge.

The facts are stated in the opinion.

A. J. Bledsoe, for Appellant.

The justices' court has no jurisdiction of this action, because it is not an action on a contract. (Code Civ. Proc., sec. 112; Coyne v. Rennie, 97 Cal. 591.) It is an action in the nature of a suit in equity. (Code Civ. Proc., sec. 76.)

*W. F. Fitzgerald, Attorney General,* and *Henry E. Carter, Deputy Attorney General,* for Respondent.

This is not a case in equity, and the superior court has no jurisdiction of it. (Code Civ. Proc., sec. 76; 6 Am. & Eng. Ency. of Law, 716.) An action in *assumpsit* is the proper remedy. (*Price* v. *County of Sacramento,* 6 Cal. 255.)

BRITT, C.—Action to recover of the county of Del Norte the sum of two hundred and fifteen dollars, claimed as compensation for alleged services rendered by plaintiff as a member of the county board of education. The superior court held that it had no jurisdiction of the cause of action, and on this ground sustained a demurrer to the complaint.

The sum involved being less than three hundred dollars, the only head of jurisdiction exercisable by the superior court to which plaintiff assigns the right of that court to entertain the action, is its original jurisdiction "in all cases in equity"; it being said that the cause is "in the nature of a suit in equity." We have been unable to discover that it possesses any qualities of such a suit. Whether *mandamus* lies to compel the county board of supervisors to allow the claim, or whether an action thereon may be maintained in the justices' court, are questions not necessary to be now determined, and upon which, in the absence of fuller argument, we think no opinion should be expressed. The superior court has no jurisdiction of the present action, and the judgment should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., VAN FLEET, J., McFARLAND, J.